UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at LONDON

| | |
|---|---|
| MELVIN L. HALE,<br><br>      Plaintiff,<br><br>V.<br><br>GARY FERGUSON,<br><br>      Defendant. | Civil Action No. 6: 22-124-KKC<br><br><br>**MEMORANDUM OPINION<br>AND ORDER** |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Plaintiff Melvin L. Hale is a resident of London, Kentucky. Proceeding without an attorney, Hale has filed a civil complaint against Defendant Gary Ferguson, Jailer of the Bell County Jail in Pineville, Kentucky. [R. 9] By prior Order, the Court granted Hale's motion to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. [R. 8] Thus, the Court must conduct a preliminary review of Hale's complaint pursuant to 28 U.S.C. §§ 1915(e)(2), 1915A.[1]

On initial screening, a district court must dismiss any claim that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *McGore v. Wrigglesworth*, 114 F.3d 601, 607-08 (6th Cir. 1997). The Court evaluates Hale's complaint under a more lenient standard because he is not represented by an attorney. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003). At this stage, the Court accepts the plaintiff's factual allegations as true, and his legal claims are liberally construed in his favor. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544,

---

[1] At the time that he filed his complaint, Hale was confined at the Bell County Jail. Thus, his complaint is subject to initial screening under §§ 1915(e)(2) and 1915A because, in addition to being granted permission to proceed *in forma pauperis*, Hale was a prisoner at the time his complaint was filed.

555-56 (2007). Even so, a complaint must set forth claims in a clear and concise manner, and must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Hill v. Lappin*, 630 F.3d 468, 470 (6th Cir. 2010). *See also* Fed. R. Civ. P. 8. "[T]he pleading standard Rule 8 announces does not require detailed factual allegations, but it demands more than an unadorned the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (internal quotation marks and citation omitted).

Hale's complaint alleges that he was sexually assaulted by another inmate at the Bell County Jail on April 29, 2022. He states that he notified Corrections Officers Chad Money and Erica Brock of the assault and Brock moved him to the "hole." He alleges that he "kept telling Jailer Gary Ferguson I needed to go to the hospital to get DNA off me to prove I was sexually assaulted," but Ferguson said no. Hale further states that on or around May 3 or 4, 2022, Ferguson came to his cell and jerked him up by his shirt and made him take a shower. Hale also alleges that Ferguson did not follow the Department of Corrections Rules and Procedures that apply when an inmate files a report under the Prison Rape Elimination Act ("PREA"), 42 U.S.C. § 15601 *et seq*., and that no outside police or state officers came to the jail to investigate his allegations of sexual assault. Hale states that a doctor came to the jail on May 12, 2022, and he mentioned the assault to her and she said that she was not notified and would look into it. According to Hale, Ferguson's isolation of Hale, his removal of a phone from his cell, his refusal to take Hale to the hospital to obtain DNA evidence of Hale's sexual assault, and the incident where he jerked up Hale and told him to take a shower or be water-hosed, all made him "feel discriminated against cause I'm openly gay and the guy who sexually assaulted me was not even punished for it." [R. 9 at p. 2-3]

Based on these allegations, Hale brings claims against Ferguson for discrimination based on Hale's sexuality and for failure to follow the procedures required by the PREA. [R. 9 at p. 4] He seeks approximately $1 million in damages from Ferguson. [R. 9 at p. 8]

However, the Court has reviewed Hale's complaint and concludes that it must be dismissed without prejudice for failure to state a claim for which relief may be granted against Ferguson. While the Court accepts Hale's factual allegations as true at this stage, "legal conclusions or unwarranted factual inferences," need not be accepted as true, and "conclusory allegations or legal conclusions masquerading as factual allegations will not suffice." *Terry v. Tyson Farms, Inc.*, 604 F.3d 272, 276 (6th Cir. 2010) (quoting *Tam Travel, Inc. v. Delta Airlines, Inc.*, 583 F.3d 896, 9903 (6th Cir. 2009)). *See also Heyne v. Metro. Nashville Pub. Sch.*, 655 F.3d 556, 563–64 (6th Cir. 2011); *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988) ("More than bare assertions of legal conclusions is ordinarily required to satisfy federal notice pleading requirements."). Rather, it is well established that "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." *Twombly*, 550 U.S. at 555.

Here, Hale's complaint fails to allege any facts supporting his conclusory allegation that he was discriminated against because of his sexuality. *Grinter v. Knight*, 532 F. 3d 567, 577 (6th Cir. 2008) (affirming dismissal of inmate's claim of racial discrimination because "plead[ing] a legal conclusion without surrounding facts to support the conclusion…fails to state a claim."). *See also Elliott v. Plaza Properties, Inc.*, No. 2:08CV1037, 2010 WL 2541020, at *7 (S.D. Ohio June 18, 2010) ("…conclusions [of racial discrimination] without any factual support are now insufficient to satisfy the pleading standards of the Federal Rules of Civil Procedure, as explained in *Twombly* and *Iqbal*."). Hale's bare allegation that he felt as though he was being discriminated

against because he was openly gay – devoid of any allegations of fact supporting this conclusion – is insufficient to state a claim for which relief may be granted.

Moreover, a defendant's personal liability in an action brought pursuant to 42 U.S.C. § 1983 hinges upon the defendant official's personal involvement in the deprivation of the plaintiff's civil rights. *Nwaebo v. Hawk-Sawyer*, 83 F. App'x 85, 86 (6th Cir. 2003); *Polk County v. Dodson*, 454 U.S. 312, 325-26 (1981). Indeed, "[e]ven a pro se prisoner must link his allegations to material facts…and indicate what each defendant did to violate his rights…" *Sampson v. Garrett*, 917 F.3d 880, 882 (6th Cir. 2019) (citing *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010); *Lanman v. Hinson*, 529 F.3d 673, 684 (6th Cir. 2008)). Ferguson's status as the Jailer is an insufficient basis to pursue a § 1983 claim against him, as the mere fact of supervisory capacity is not enough: an official must be personally involved in the conduct complained of because *respondeat superior* is not an available theory of liability. *Polk County v. Dodson*, 454 U.S. 312, 325-26 (1981). *See also Iqbal*, 556 U.S. at 677 ("[i]n a § 1983 suit or a *Bivens* action - where masters do not answer for the torts of their servants - the term 'supervisory liability' is a misnomer.").

Here, Hale fails to allege any specific discriminatory conduct by Ferguson, nor does he allege any facts suggesting that Ferguson's actions were motivated in any way by Hale's sexuality. The lack of factual detail supporting Hale's discrimination claim against Ferguson and the vague and conclusory nature of his allegations are sufficient reasons to dismiss his claims without prejudice for failure to adequately state a claim for relief. *See Iqbal*, 556 U.S. at 678; *Hill*, 630 F.3d at 470.

Nor do Hale's allegations that Ferguson failed to follow the procedures required by the PREA state a claim for relief, as the PREA does not create a private cause of action. The PREA was enacted to address the problem of rape in prison by creating national standards regarding its

detection, prevention, reduction, and punishment, as well as by increasing the available data and information on the incidence of prison rape, and by authorizing Federal expenditures through grant programs related to the issue. *See* 34 U.S.C. § 30302 (listing the purposes of the PREA). However, where neither the text nor the structure of a statute indicate that Congress intended to create new individual rights, "there is no basis for a private suit, whether under § 1983 or under an implied right of action." *Gonzaga Univ. v. Doe,* 536 U.S. 273, 286 (2002). As "nothing in [the PREA] indicates an intent to give specific rights to prisoners…under *Gonzaga*, the Court cannot conclude that a private right of action exists." *Perry v. Warden Warren Corr. Inst.*, No. 1:20-CV-30, 2020 WL 4013038, at *1 (S.D. Ohio July 16, 2020), *appeal dismissed*, No. 20-3889, 2020 WL 8618189 (6th Cir. Oct. 5, 2020).

While the Sixth Circuit has not directly addressed the issue, district courts in this Circuit have consistently concluded that the PREA "does not create a private cause of action which can be brought by an individual plaintiff." *See Montgomery v. Harper*, No. 5:14CV-P38-R, 2014 WL 4104163, at *2 (W.D. Ky. Aug. 19, 2014)(collecting cases). *See also Taylor v. Battle*, No. 1:22-CV-509, 2022 WL 3152234, at *8 (W.D. Mich. Aug. 8, 2022); *Bensfield v. Murray*, No. 4:21-CV-P104-JHM, 2022 WL 508902, at *3 (W.D. Ky. Feb. 18, 2022); *Hodge v. Burkhart*, No. 15-CV-105-GFVT, 2016 WL 2986262, at *5 (E.D. Ky. May 20, 2016); *Duncan v. Grief*, No. 5:17-CV-P42-GNS, 2017 WL 3014827, at *4 (W.D. Ky. July 14, 2017). For these reasons, Hale's claim that Ferguson failed to follow the procedures required by the PREA – including his failure to adequately investigate and/or collect evidence regarding Hale's allegations of sexual assault – fails to state a claim for which relief may be granted against Ferguson.

For clarification, the Court notes that, while Hale does allege that Ferguson refused to allow Hale to be taken to the hospital so that DNA evidence of the sexual assault could be collected, he

neither invokes the Eighth Amendment, nor does he allege that he requested to go to the hospital because he was in need of medical care. Rather, Hale's allegations are clear that he asked to go the hospital so that DNA could be collected, not because he had any physical injuries requiring medical treatment. [*See* R. 9 at p. 2 ("I kept telling jailer Gary Ferguson I needed to go to the hospital to get DNA off me to prove I was sexually assaulted…") and p. 3 (referring to Fergusons refusal "to take me to the hospital to abstract (*sic*) DNA off me to prove I was sexually assaulted"). Thus, to the extent that Hale alleges that Ferguson failed to take him to the hospital, this allegation appears to be in support of his claim that Ferguson failed to comply with the requirements of the PREA regarding the investigation of Hale's allegations of sexual assault.

Even so, Hale's failure to invoke his Eighth Amendment rights in any way (either directly or indirectly) does not give this Court license to create such a claim on his behalf. *Brown v. Matauszak*, 415 F. App'x 608, 613 (6th Cir. 2011) ("a court cannot create a claim which [a plaintiff] has not spelled out in his pleading."); *Nali v. Ekman*, 355 F. App'x 909, 912 (6th Cir. 2009) (Sutton, J., dissenting) ("[W]hen a *pro se* litigant asks us to identify any potentially winning arguments in his lower court pleadings, he is asking us to create, not correct, potential disparities in the legal system."). *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004) ("[L]iberal construction does not require a court to conjure allegations on a litigant's behalf.") (quoting *Erwin v. Edwards*, 22 F. App'x 579, 580 (6th Cir. 2001)).[2] Thus, the Court declines to do so here.

---

[2] Even if Hale's complaint could be broadly construed to reflect an intent to invoke the Eighth Amendment, Hale fails to allege that Ferguson acted with the state of mind required to adequately allege an Eighth Amendment claim, as he fails to allege that Ferguson: 1) was actually aware of facts giving rise to an inference of a substantial risk of serious harm to Hale; 2) actually drew that inference; and 3) consciously disregarded it. *Farmer v. Brennan*, 511 U.S. 825, 837-30 (1994). *See also Jones v. Muskegon Co.*, 625 F.3d 935, 941 (6th Cir. 2010). Nor are Hale's allegations that Ferguson told him to take a shower or he threatened to "water hose" him, even if true, sufficient to state an Eighth Amendment claim, as it is well-established that verbal abuse or general harassment by a prison guard does not constitute cruel and unusual punishment in violation of the

For all of these reasons, Hale's complaint, as currently drafted, fails to state a claim for which relief may be granted. Thus, it will be dismissed without prejudice on initial screening.

Accordingly, it is hereby **ORDERED** as follows:

1. Hale's Complaint [R. 9] is **DISMISSED**, without prejudice, for failure to state a claim for which relief may be granted.

2. This action is **DISMISSED** and **STRICKEN** from the Court's docket.

3. A corresponding Judgment will be entered this date.

This 26th day of September, 2022.

KAREN K. CALDWELL
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF KENTUCKY

---

Eighth Amendment. *Wingo v. Tenn. Dep't of Corr.*, 499 F. App'x 453, 455 (6th Cir. 2012) ("Verbal harassment or idle threats by a state actor do not create a constitutional violation and are insufficient to support a section 1983 claim for relief."); *Johnson v. Unknown Dellatifa*, 357 F.3d 539, 546 (6th Cir. 2004).